UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED- LN
August 8, 2025 12:17 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: eod   scanned by:   eod 08/07

LOTHAMER TAX RESOLUTION, INC., et al.,
    Plaintiffs,
v.
PAUL KIMMEL,
    Defendant.

Case No. 1:25-cv-579
Hon. Hala Y. Jarbou
Magistrate Judge Sally J. Berens

## DEFENDANT'S OBJECTION TO SHORTENED DEADLINE AND REQUEST FOR CLARIFICATION REGARDING NON-ECF STATUS

Defendant Paul Kimmel objects to the sua sponte shortening of the objection period imposed in the Report and Recommendation entered August 6, 2025 (ECF No. 107). The R&R states that "[t]he parties shall have until August 11, 2025, to file written objections." (Id. at PageID.1521.) This five-day window violates procedural rules and Defendant's rights as a non-ECF filer.

### 1. Fourteen Days Plus Three for Mail Apply

Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), parties have 14 days to file objections. When service is made by mail—as it must be here, since Defendant is not a registered ECF participant—Rule 6(d) extends the deadline by 3 days, making objections due August 23, 2025.

No order under Rule 5(b)(2)(E) has designated ECF service for Defendant, and Defendant has not consented to such service.

### 2. No Finding of Emergency, No Basis for Abbreviation

The R&R cites public posts made in June as a basis for shortening the objection window—yet Plaintiffs waited until July 26 to seek supplemental relief. This 30-day delay refutes any

claim of urgency. See Benisek v. Lamone, 138 S. Ct. 1942, 1944 (2018) ("A party requesting a preliminary injunction must generally show reasonable diligence."). The R&R cites no new conduct or irreparable harm that would justify bypassing the standard deadlines set by statute and rule.

### 3. No Finding of Trade Secret Disclosure or Valid Contract

The R&R makes no finding that Defendant disclosed any trade secrets. Instead, it relies on disputed characterizations of LinkedIn posts and conclusory contract claims to justify abridging Defendant's rights. The non-disparagement clause Plaintiffs invoke appears in a contract that Defendant alleges was fraudulently induced, lacks mutual assent, and is void as against public policy. (See ECF No. 14, ¶¶9–37.) The Court has not adjudicated these issues, and Defendant has denied that any material posted lies outside the public record. Without a valid and enforceable agreement, no finding of breach or "disparagement" is legally sustainable.

### 4. Procedural Irregularities Prejudice Defendant

By collapsing the standard timeline and ignoring the three-day mailing rule, the Court has denied Defendant more than half his statutory objection period without notice, briefing, or findings. This raises serious due process concerns. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (requiring genuine exigency to curtail objection rights under § 636). The irregularity is compounded by the R&R's consolidation of two separate TRO motions without notice under Rule 42(a), further distorting the timeline for response.

## RESERVATION OF SUBSTANTIVE OBJECTIONS

Defendant expressly reserves all substantive objections to the Report and Recommendation and will file a comprehensive response under 28 U.S.C. § 636(b)(1)(C). This filing addresses only the improper shortening of the objection window and related procedural concerns.

**RELIEF REQUESTED**

Defendant respectfully requests that the Court:

1. Reject the improperly shortened five-day deadline;

2. Confirm that the applicable objection deadline is August 23, 2025, pursuant to Rule 6(d);

3. Recognize that Defendant is not an ECF filer and is therefore entitled to service by mail under Rule 5(b)(2)(C);

4. Refrain from adopting or acting on the R&R before the full objection period has run and all procedural rights have been preserved.

Respectfully submitted,

/s/ Paul Kimmel
Paul Kimmel
405 Shoreline Dr
Dewitt, MI 48820
(517) 930-5671
pkimmel@softconcepts.com
Dated: August 8, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August, 2025, I mailed the foregoing *Defendant's Objection to Shortened Deadline and Request for Clarification Regarding Non-ECF Status*

by US Mail to the following attorneys:

Butzel Long, P.C.
Aaron L. Davis (P77406)
Garrett Koger (P82115)
Barrett R. H. Young (P78888)
Catherine Fleming (P86384)
123 West Allegan Street, Suite 400
Lansing, Michigan 48933

/s/ Paul Kimmel
Paul Kimmel
Defendant / Counterclaimant
405 Shoreline Dr
Dewitt, MI 48820
(517) 930-5671
pkimmel@softconcepts.com