FILED - GR
August 14, 2025 12:37 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM   SCANNED BY: KD, 8-14

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

LOTHAMER TAX RESOLUTION, INC., et al.,
    Plaintiffs,

v.


PAUL KIMMEL,
    Defendant / Counterclaimant.


Case No. 1:25-cv-579

Hon. Hala Y. Jarbou


**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION**
**REGARDING MOTIONS FOR PRELIMINARY INJUNCTION (ECF NOS. 2 & 87)**

1

**Contents**

TABLE OF AUTHORITIES ........................................................................................... 4

I. INTRODUCTION ..................................................................................................... 6

II. PROCEDURAL BACKGROUND .......................................................................... 7

III. LEGAL STANDARD ............................................................................................ 7

IV. OBJECTIONS ........................................................................................................ 9

OBJECTION 1: R&R Improperly Merges Two Distinct Injunction Motions Without Notice or Order — Violates Rule 65(d) and Principles of Rule 42(a) ................................ 9

OBJECTION 2: R&R Treats Disputed Allegations as Fact Without Any Evidence — Violates *Tenke* and Sixth Circuit Requirement for Evidentiary Hearing ............................... 9

OBJECTION 3: R&R Applies Overruled Standard for Injunctions — Directly Contradicts *Winter* and Sixth Circuit Precedent, Requiring Denial ........................................ 11

OBJECTION 4: R&R Enforces Unproven Contract as Prior Restraint — Defies First Amendment, Public Policy, and Binding Precedent ............................................. 12

OBJECTION 5: R&R Finds SCA Violation Without Any Evidence — Ignores Sworn Denial, Litigation Privilege, and Pending Rule 11 Challenge .............................................. 13

OBJECTION 6: R&R Grants DTSA/MUTSA Relief Without Proof of Any Valid Trade Secret — Violates *FormFactor*, *Tenke*, and Rule 65(d) ........................................... 14

OBJECTION 8: R&R Creates New Theory by Judicially Merging Two Distinct TRO Motions — Bars Relief Under Rule 65(d) and *Mertik* ........................................... 17

OBJECTION 9: R&R Grants Injunctive Relief for Breach-of-Contract Claim Plaintiffs Never Pled or Briefed — Per Se Error Under *Winter* and *Mertik* ........................................ 18

OBJECTION 9A: Public Records and Verified Facts Cannot Constitute Defamation — R&R's Finding Defies *Cox* and Constitutional Law .............................................. 19

OBJECTION 10: R&R Imposes Prior Restraint Without Applying Strict Scrutiny — Violates First Amendment and SCOTUS Precedent (*Nebraska Press*, *Cox*) ...................... 19

OBJECTION 11: R&R Misapplies Irreparable-Harm Test by Ignoring Security Failures and Whistleblower Protections — Violates *Winter* and Sixth Circuit Precedent ................ 21

OBJECTION 12: R&R Treats Ordinary Competition as Irreparable Harm — Contradicts *Gates* and Injects Unpled Theory in Violation of *Rondigo* .......................................... 24

OBJECTION 13: No Evidence of Misuse — R&R Misapplies Balance of Harms, Undermines § 1833(b) Whistleblower Rights, and Obstructs Federal Oversight, Violating *Basicomputer* .......................................................................................... 25

OBJECTION 14: R&R Imports Unpled "Competition" Theory from Briefing — No Irreparable Harm Shown Under *Gates*; Pleading Rewrite Barred by *Rondigo* ................ 27

OBJECTION 15: No Exigency Justifies Shortened Objection Period ............................... 27

2

V. Cumulative Procedural Error Warrants Rejection of the R&R ............................................29

CONCLUSION...................................................................................................................29

**TABLE OF AUTHORITIES**

Cases

*Baker Hughes Inc. v. S&S Chem., LLC*, No. 2:21-cv-2611, 2022 WL 1591563, at *1 (W.D. Tenn. Mar. 30, 2022)................................................................................................8

*Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ..................................23

*Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018)........................................................27

*Brown v. Matthews Mortuary, Inc.*, 118 F.3d 1008, 1015 (4th Cir. 1997) ....................29

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007)....................................................................................................................8

*Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552–53 (6th Cir. 2007)..................................................................................................................10

*Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 491–92, 496-97 (1975)......................16, 20, 28

*Craig v. Harney*, 331 U.S. 367, 374 (1947) ..................................................................20

*D.T. v. Summer County Schools*, 942 F.3d 324, 327 (6th Cir. 2019) ............................11

*Dearborn Heights v. Comcast*, 269 F. Supp. 3d 904, 919 (E.D. Mich. 2017) ...............13

*FormFactor, Inc. v. Micro-Probe, Inc.*, No. 10-3095, 2012 WL 2061520, at *4 (N.D. Cal. June 7, 2012).................................................................................................................14

Friendship Materials, Inc. v. Michigan Brick, Inc., 679 F.2d 100, 105 (6th Cir. 1982)...........27

*Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 848 (10th Cir. 1993)..................24

*Hall v. Hall*, 584 U.S. 147, 158–59 (2018) .....................................................................6

*In re DeLorean Motor Co.*, 755 F.2d 1223 (6th Cir. 1985)............................................11

*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)..........................................................8

*Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976)............................................20

*Next Payment Sols., Inc. v. CLEAResult Consulting, Inc.*, No. 2:17-CV-00628-JRG, 2020 WL 2836778, at *3 (E.D. Tex. May 29, 2020) ..............................................................14

*NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) .............................9

*Ostergren v. Frick*, 856 F. App'x 562 (6th Cir. 2021)....................................................20

*Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578-79 (6th Cir. 2002) ...............................................................................................................................22,27

*Packaging Corp. of Am. v. Croner*, 419 F. Supp. 3d 1059, 1071 (N.D. Ill. 2020)...................27

*PFK Co. v. Protective Technologies, Inc.*, 624 F. Supp. 2d 802, 818 (S.D. Ind. 2008) .............8

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)...........16

*Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) ..........................19, 24

*Tenke Corp. v. Dominion*, 511 F.3d 542, 546 (6th Cir. 2007) ....................................8, 9, 13, 18

*TLS Mgmt. & Mktg. Servs., LLC v. Rodríguez-Toledo*, No. 19-1104, 2020 WL 4187246, at *29 (1st Cir. July 21, 2020) ...........................................................................................15

*United States SEC v. Miner*, 744 F.3d 1123, 1136 (9th Cir. 2014) ................................29

*United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984)............................................22

*United States v. Tyson*, 265 F. Supp. 2d 788, 789 n.1 (W.D. Mich. 2003)......................8

*v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)...................................................................10

4

*Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) ..............................passim

Statutes

28 U.S.C. § 636(b)(1)(C) ...................................................................................6
Michigan Whistleblowers' Protection Act, MCL § 15.361 et seq ...................................7
Stored Communications Act, 18 U.S.C. § 2701 ......................................................13

Other Authorities

Michigan Attorney General Consumer Protection Bureau (File No. 2025-CONSC-00207250) ................................................................................................................25
Ohio Attorney General (File No. 2025-0715923)......................................................25
TIGTA (Case No. TRN-2507-0081) .....................................................................25

Rules

28 U.S.C. § 636(b)(1)........................................................................................7
28 U.S.C. § 636(b)(1)(C) ...................................................................................7
*Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) ............................................18
Fed. R. Civ. P. 72(b)(2) ...................................................................................6, 7
Fed. R. Civ. P. 72(b)(3) .....................................................................................7
*Grupo Mexicano de Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 329–30 (1999)..........18
Rule 11(b)(3),(c)(2)......................................................................................6, 14
Rule 42(a)......................................................................................................6
Rule 65(d)......................................................................................................9
Rule 65(d)(1)..................................................................................................6

I. **INTRODUCTION**

*You can repair one company's loss — you can't refund the public trust.*

On August 6, 2025 (ECF No. 107), Magistrate Judge Berens issued a Report and Recommendation ("R&R") recommending that this Court grant Plaintiffs' motions for preliminary injunctive relief (ECF Nos. 2 and 87) and a supplemental filing (ECF No. 100). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), Defendant Paul Kimmel objects and requests de novo review.

The R&R adopts Plaintiffs' claim that an unproduced "Lothamer Valuation" proves trade secret value—despite no authentication, no production, and a pending Rule 11(b)(3),(c)(2) challenge (ECF No. 67). It ignores Defendant's sworn declarations (ECF Nos. 70, 70-1), which directly rebut the fabricated access theory on which the recommendation turns.

Plaintiffs seek to suppress protected speech and whistleblower[1] activity through contract enforcement—without evidence or legal basis. The R&R consolidates two separate motions for injunctive relief (ECF Nos. 2 and 87), which assert different theories and rely on different records, without notice or any order under Rule 42(a). This shortcut bypasses the procedural safeguards of Rule 65(d)(1), which requires that every injunction "state its terms specifically" and "describe in reasonable detail ... the act or acts restrained or required." Defendant was denied a fair opportunity to address the merged claims.[2]

---

[1] TIGTA contacted Defendant as recently as July 15, 2025, regarding his whistleblower reports. Defendant can provide the contact information for the TIGTA special agent in camera, or, alternatively, the phone number and email of ASAIC LaFramboise for verification.

[2] *See Hall v. Hall*, 584 U.S. 147, 158–59 (2018) ("[C]onsolidated cases retain their separate identities."). While *Hall* involved consolidation of separate actions, it affirms the principle that Rule 42(a) consolidation must be explicit and does not erase procedural safeguards. Here, no such order was entered, yet two distinct motions—

The R&R misstates key facts, draws inferences against the non-movant, and ignores the statutory and constitutional limits on injunctive relief imposed by Rule 65, *Winter*, 18 U.S.C. § 1833(b)(1), and Michigan's Whistleblowers' Protection Act, MCL § 15.362. It disregards Defendant's protected whistleblower status, minimizes active federal and state investigations, and sidesteps sworn allegations of regulatory fraud.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed their first motion for preliminary injunctive relief on May 20, 2025 (ECF No. 2), seeking to restrain Defendant's public commentary and alleged use of purported trade secrets. Nearly two months later, on July 24, 2025, Plaintiffs filed a second motion (ECF No. 87) premised on additional and distinct theories, including contract enforcement based on later statements. Magistrate Judge Berens issued a single Report and Recommendation on August 6, 2025 (ECF No. 107), effectively consolidating the two motions without notice or an order under Rule 42(a)(2). The R&R recommends granting injunctive relief on both motions. Defendant timely objects pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2).

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(2), a party may serve and file specific written objections to a magistrate judge's report and recommendation on a dispositive matter. The district judge must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). De novo review requires the Court to independently consider

---

filed two months apart and raising different legal grounds—were merged without notice or proper briefing. This shortcut bypasses Rule 65's requirements and prejudices Defendant's ability to respond.

the record, evaluate legal arguments, and determine whether to accept, reject, or modify the R&R, in whole or in part. See *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Where, as here, the magistrate judge recommends granting a preliminary injunction, the R&R is dispositive and subject to strict de novo review. See *United States v. Tyson*, 265 F. Supp. 2d 788, 789 n.1 (W.D. Mich. 2003); *Baker Hughes Inc. v. S&S Chem., LLC*, No. 2:21-cv-2611, 2022 WL 1591563, at *1 (W.D. Tenn. Mar. 30, 2022).

To obtain a preliminary injunction, the moving party must demonstrate: (1) a likelihood of success on the merits, (2) irreparable harm in the absence of an injunction, (3) that the balance of hardships favors the movant, and (4) that the public interest would not be disserved by the injunction. See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).[3]

Further, where the R&R relies on disputed facts, unauthenticated documents, or resolves contested credibility issues, the district court may not adopt the recommendation without first conducting an evidentiary hearing. See *Tenke*, 511 F.3d at 552–53. "Where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief is appropriate, an evidentiary hearing is mandatory." *Id.* at 553.

---

[3] Plaintiffs' delay in seeking relief undermines any claim of urgency or irreparable harm. See *Delay in seeking a preliminary injunction tends to neutralize any presumption of irreparable harm, PFK Co. v. Protective Technologies, Inc.*, 624 F. Supp. 2d 802, 818 (S.D. Ind. 2008). Here, Plaintiffs' first TRO motion was filed in **May 2025**, and the LinkedIn post they now characterize as urgent was published over **thirty days** before their supplemental briefing. Such delay weighs against a finding of irreparable harm.

## IV. OBJECTIONS

### OBJECTION 1: R&R Improperly Merges Two Distinct Injunction Motions Without Notice or Order — Violates Rule 65(d) and Principles of Rule 42(a)

Federal Rule of Civil Procedure 42(a)(2) permits consolidation only upon express order by the Court. No such order was entered here. The Report and Recommendation ("R&R") improperly treats ECF No. 2 (Plaintiffs' original Motion for Preliminary Injunction) and ECF No. 87 (their later Motion for Temporary Restraining Order) as a single, unified request—despite distinct filing dates, factual bases, and procedural postures. This de facto consolidation occurred without notice to Defendant and without an opportunity to respond to a consolidated motion, violating Rule 65 and fundamental principles of procedural fairness.

Plaintiffs never moved to consolidate under Rule 42(a)(2), and the Court entered no order — before merging the motions — making the findings required to justify such treatment. Yet it recommends granting both motions simultaneously, without distinguishing between their legal theories or evidentiary records. This violates Rule 65(d), which mandates that injunctive relief be based on specific findings. *See NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987).

Each motion requires an independent analysis under the *Winter* factors: likelihood of success, irreparable harm, balance of hardships, and the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Tenke*, 511 F.3d at 542. By collapsing these motions into a single recommendation, the R&R deprives Defendant of individualized adjudication and fails to comply with controlling law. It must be rejected.

### OBJECTION 2: R&R Treats Disputed Allegations as Fact Without Any Evidence — Violates *Tenke* and Sixth Circuit Requirement for Evidentiary Hearing

The R&R improperly recites disputed allegations from Plaintiffs' pleadings as established fact, without evidentiary support, sworn declarations, or acknowledgment of conflicting record material. This violates the rule that preliminary injunctions may not rest on contested

factual assertions absent an evidentiary hearing. *See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552–53 (6th Cir. 2007); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

**1. Allegations Adopted as Fact Without Evidence**

The R&R states, "Lothamer requested monthly meetings with Kimmel to review his progress... but Kimmel put off those requests and ignored Jesse's calls." (ECF No. 107, PageID.1508.) Plaintiffs submitted no affidavit from Jesse Lothamer, no call logs, no internal complaints, and no documentation to support this claim. Defendant, by contrast, submitted sworn declarations denying any such conduct. The R&R cites no evidence—because none exists—and nonetheless adopts this allegation as fact, in clear error.

**2. Misrepresentation of Future-Dated Milestones as Breached Obligations**

The R&R further claims that "Kimmel failed to complete all the 'Milestones and Objectives' he created." (PageID.1507, citing ECF No. 1-7 at PageID.90.) But that document shows milestones extending through Q1 2025 through 2026—long after Defendant's March 7th, 2025 (Q1, 2025) termination. There is no record of missed deadlines, performance reviews, or internal assessments supporting a failure-to-perform theory. No milestone due prior to Defendant's termination is shown to have been missed.

This conclusion is not merely unsupported—it is affirmatively refuted by the milestone calendar and the total absence of performance records. The R&R's logic also fails: Plaintiffs terminated Defendant on February 17, 2025, then reinstated him, only to terminate him again on March 7. If Plaintiffs truly believed he ignored communications or failed core deliverables, reinstatement would make no sense. Their own conduct contradicts the narrative the R&R adopts.

**OBJECTION 3: R&R Applies Overruled Standard for Injunctions — Directly Contradicts *Winter* and Sixth Circuit Precedent, Requiring Denial**

The controlling standard is set by *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008), which requires a clear showing **on all four conjunctive factors**. These requirements **are not disjunctive or optional** — a plaintiff must satisfy each one. *Winter* explicitly rejected sliding-scale or "serious question" tests, holding that a plaintiff "must demonstrate more than a mere 'possibility' of success on the merits." Id. at 22; see also *D.T. v. Sumner County Schools*, 942 F.3d 324, 327 (6th Cir. 2019) (all four factors are "prerequisites that must be satisfied").

The R&R quotes *In re DeLorean Motor Co.*, 755 F.2d 1223 (6th Cir. 1985), for the proposition that "the district court is within its discretion… if the merits present a sufficiently serious question to justify a further investigation." (ECF No. 107, PageID.1509.) That "serious question" or sliding-scale test is obsolete. *Winter v. NRDC*, 555 U.S. 7, 22 (2008), expressly rejected it, and the Sixth Circuit has since required a clear showing on all four factors. *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 327 (6th Cir. 2019). Reliance on an abrogated standard is legal error.

Here, the R&R identified no evidence of irreparable harm, ignored the constitutional and statutory interests at stake, and made no findings on public interest or equitable balance. It relied on an outdated test that improperly lowered Plaintiffs' burden.

Worse, the R&R's "likelihood of success" analysis rests entirely on an alleged "Lothamer Valuation" that has never been produced, never authenticated, and is expressly denied by Defendant under oath. See ECF No. 14, PageID.225 ¶¶128, 164; PageID.238 ¶228; ECF No. 70-1 ¶¶2–7. Plaintiffs ignored a Rule 11 challenge to that document's existence. A court cannot find a likelihood of success based on a phantom exhibit absent from the record. "The

verified complaint alone does not provide a sufficient factual basis to support a preliminary injunction." *Stinnie v. Holcomb*, 977 F.3d 403, 415 (4th Cir. 2020).

Because the R&R misstates the law, omits the required factor-by-factor analysis, and relies on nonexistent evidence, it fails *Winter* on every prong. It must be rejected.

### OBJECTION 4: R&R Enforces Unproven Contract as Prior Restraint — Defies First Amendment, Public Policy, and Binding Precedent

The R&R adopts Plaintiffs' framing that the non-disparagement clause is enforceable and recommends injunctive relief restricting Defendant's speech. That is improper. Courts cannot enjoin speech based on a disputed contract. *Metro. Opera Ass'n, Inc. v. Local 100*, 239 F.3d 172, 177 (2d Cir. 2001). Nor may they enforce private agreements without Rule 65 findings or evidence satisfying *Winter*. No such findings exist here.

As pleaded in Counts III and IV of Defendant's First Amended Counterclaim (ECF No. 14, ¶¶ 9–37), the agreement containing the clause was procured by fraudulent inducement, lacks mutual assent, and is void as a matter of public policy. A contract procured by fraud is unenforceable ab initio. *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc.*, 209 Mich. App. 365, 372 (1995).

The R&R also relies on a separate nondisclosure agreement (NDA) whose terms are facially overbroad, prohibiting disclosure of public data, general knowledge, and third-party material. Such language is unenforceable as a matter of public policy:

"The nondisclosure agreement's astounding breadth and lack of any meaningful limitation restricted Rodríguez's freedom to compete… Similar broad agreements have been uniformly held invalid."

— *TLS Mgmt. & Mktg. Servs., LLC v. Rodríguez-Toledo*, No. 19-1104, 2020 WL 4187246, at *32–33 (1st Cir. July 21, 2020).

Neither contract has been adjudicated—one is voidable for fraud, the other void on its face.

Neither justifies a gag order. The Court should reject the R&R's findings and deny Plaintiffs'

motion.

**OBJECTION 5: R&R Finds SCA Violation Without Any Evidence — Ignores Sworn Denial, Litigation Privilege, and Pending Rule 11 Challenge**

The R&R wrongly finds a likelihood of success on Plaintiffs' SCA claim, 18 U.S.C. § 2701,

despite no admissible evidence and Defendant's sworn denial (ECF No. 70-1) that he ever

accessed—or attempted to access—any Lothamer or Jesse email account or possessed any

credentials to do so. That denial forecloses any theory of unauthorized access.

Yet the R&R relies on (1) Plaintiffs' verified complaint and (2) a mischaracterized "demand

letter" that is in fact Defendant's termination letter. This reliance fails on multiple grounds:

- **Plaintiffs mischaracterize a lawful, litigation-immune termination letter,** inflating a vague "valuation" reference into "The Lothamer Valuation" and a supposed admission of access to a phantom document. The Stored Communications Act, 18 U.S.C. § 2701, is an anti-hacking statute targeting unauthorized access to stored communications, and the letter contains no admission of anything. It references no system, server, or message.

- **The Termination letter is privileged**: As noted in Defendant's Fourteenth Affirmative Defense (ECF No. 14, PageID.250) and in the record (ECF No. 50, PageID.795), the termination letter constitutes a pre-litigation communication immune from liability under the Noerr–Pennington doctrine and protected by pre-litigation privilege. See *Dearborn Heights v. Comcast*, 269 F. Supp. 3d 904, 919 (E.D. Mich. 2017).

- The alleged "Lothamer Valuation" has never been identified or authenticated and exists only in Plaintiffs' imagination. It was challenged under Rule 11 via a safe harbor notice (June 4, 2025) and motion (June 25, 2025). The Court cannot grant relief on disputed, unproduced, and potentially fictitious evidence. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Tenke*, 511 F.3d at 553.

- There is no evidence: Plaintiffs cite no specific email, account, server log, timestamp, or witness. The R&R adopts a theory with no factual grounding while ignoring sworn denial, applicable privileges, and procedural protections.

In sum, the R&R's SCA finding is factually baseless, legally unsound, and irreconcilable with the evidentiary and procedural record. It must be rejected.

**OBJECTION 6: R&R Grants DTSA/MUTSA Relief Without Proof of Any Valid Trade Secret — Violates *FormFactor*, *Tenke*, and Rule 65(d)**

The R&R's DTSA/MUTSA finding lacks evidentiary support. Plaintiffs have not identified a valid trade secret, shown reasonable protection measures, or proven misappropriation. Defendant has rebutted each claim with sworn evidence. *FormFactor, Inc. v. Micro-Probe, Inc.*, No. 10-3095, 2012 WL 2061520, at *4 (N.D. Cal. June 7, 2012) ("[T]he plaintiff must identify the trade secrets and carry the burden of showing that they exist."); *Next Payment Sols., Inc. v. CLEAResult Consulting, Inc.*, No. 2:17-CV-00628-JRG, 2020 WL 2836778, at *3 (E.D. Tex. May 29, 2020) ("Trade secret status cannot rest upon a plaintiff's say-so.").

1. **"Scheduled Deposits" Does Not Exist and Cannot Be a Trade Secret**
   Plaintiffs' own exhibit (ECF No. 1-7, PageID.90) shows Scheduled Deposits was incomplete and not scheduled for delivery until after Defendant's termination. They admit it was never finished. (ECF No. 11, PageID.200.) There is no source code, no deployment, no secrecy, and no commercial use. If it never existed, it cannot be misappropriated.

2. **The "Lothamer Valuation" Is Unproduced and Challenged Under Rule 11**
   This phantom document has never been filed, described, or authenticated. Plaintiffs cite a vague reference in Defendant's privileged termination letter as supposed proof of access, but that letter admits nothing and the document itself was challenged under Rule 11 (notice served June 4, 2025; motion filed June 25, 2025)[4]. The R&R relies on pure inference with no evidentiary basis.

3. **The "Portal" Is Vague, Outdated, and Insecure**
   Plaintiffs fail to define the portal with specificity. ECF No. 1-7 shows the system relied on PHP 7.3.3 and a deprecated Dwoo engine—binding it to a known-vulnerable stack. Defendant has identified hard-coded bypasses, unlogged activity, and unreported breaches. No evidence supports that it was ever protected as a trade secret. See ECF No. 14, PageID.253 (Sixteenth Affirmative Defense).

---

[4] Pursuant to Fed. R. Civ. P. 11(b)(3) and 11(c)(2), Defendant served a safe-harbor notice on June 4, 2025, challenging the factual basis for the alleged "Lothamer Valuation" and demanding its production or withdrawal. Plaintiffs did neither. Defendant filed the Rule 11(c)(2) motion on June 25, 2025.

4. **No Proof of Secrecy or Misappropriation**
Plaintiffs submit no witness declarations, logs, forensic data, or timeline. There is no showing of what was taken, when, how, or by whom. The R&R simply accepts contested allegations in the Verified Complaint, ignoring Defendant's sworn declaration. That violates *Tenke, Mazurek,* and *FormFactor.* See *Tenke,* 511 F.3d at 553; *Mazurek,* 520 U.S. at 972.

This error mirrors the First Circuit's reasoning in *TLS Mgmt. & Mktg. Servs., LLC v. Rodríguez-Toledo,* where the court reversed a trade secret verdict after finding the plaintiff failed to identify its claimed secrets with specificity or prove that they were not publicly known or readily ascertainable:

"TLS could not claim a trade secret simply because its loan strategy was not publicly known. TLS also had to establish that this aspect... was not readily ascertainable from public sources. On this issue, TLS presented no evidence."

— *TLS Mgmt. & Mktg. Servs., LLC v. Rodriguez-Toledo,* No. 19-1104, 2020 WL 4187246, at *29 (1st Cir. July 21, 2020).

The R&R's DTSA and MUTSA findings are based on unproven, unprotected, or undefined assets. That is not a lawful basis for injunctive relief.

**OBJECTION 7: R&R Enjoins Publication of Public Information Despite Plaintiffs' Unclean Hands — Violates *Cox, Precision Instrument*, and Basic Equity Principles**

**The R&R's injunction stands on quicksand.** It hinges on a claim that Defendant "disclosed" trade secrets on LinkedIn, yet the information is already in the public record — and Plaintiffs' own sworn testimony admits they are still violating IRS Circular 1075 by using outdated, insecure systems.

**1. No Secrecy — Public Record Defeats Any Trade Secret Claim.**

A trade secret must be secret to warrant protection. See *FormFactor, Inc. v. Micro-Probe,*

*Inc.*, No. 10-3095, 2012 WL 2061520, at *4 (N.D. Cal. June 7, 2012). Plaintiffs' own filings

placed the relevant technical details — including the DWOO templating engine, PHP 7.3.3

dependency, and SHA-1 encryption — into the public record without any motion to seal.

(ECF No. 1-7, PageID.90 ["Replace DWOO 7.3"]; ECF No. 17, PageID.319 PHP 7.3.3, and

ECF No 1-8, PageID.93 SHA1.) By voluntarily disclosing these specifications in open court,

Plaintiffs extinguished any reasonable expectation of secrecy. The First Amendment prohibits

injunctions restraining republication of lawfully obtained public information. *Cox Broad.*

*Corp. v. Cohn*, 420 U.S. 469, 491–92 (1975)[5]; *Shane Grp. v. Blue Cross*, 825 F.3d 299, 305

(6th Cir. 2016)("The remedy for damaging speech that is neither false nor unlawful is more

speech, not enforced silence.")[6].

## 2. Unclean Hands—Plaintiffs Admit Ongoing Violations of IRS Publication 1075

Equity bars relief when the movant is engaged in the same misconduct. *Precision Instrument*

*Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). Plaintiffs' own declarant

admits that the identified systems—PHP 7.3.3, SHA-1, and insecure infrastructure—are *still*

---

[5] In *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 491–92 (1975), the Court held that the State could not

punish the publication of a rape victim's name obtained from public judicial records. I find that result repugnant

on a human level, but it underscores a constitutional truth: if the First Amendment protects disclosure of

information of such inherent sensitivity when drawn from a public record, it necessarily protects publication of

less sensitive factual material drawn from the same type of public record.

[6] *Shane Group quotes Justice Brandeis's concurrence in Whitney v. California, 274 U.S. 357, 377 (1927), which*

*articulated the enduring principle that "the remedy to be applied is more speech, not enforced silence." The*

*Sixth Circuit's adoption of this maxim makes it binding here. And under Brandenburg v. Ohio, 395 U.S. 444, 447*

*(1969), speech may be restrained only if it is directed to inciting or producing imminent lawless action and is*

*likely to produce such action — a standard far removed from any allegation in this case.*

*in use*, violating IRS Publication 1075 standards requiring use of current, FIPS-compliant technology, secure encryption, and incident response safeguards. Publication 1075 imposes stringent cryptographic and configuration controls on Federal Tax Information (FTI) systems; non-compliance is a serious federal violation (see, e.g., encryption must use FIPS-140-validated algorithms and avoid deprecated mechanisms like SHA-1.) These sworn admissions place Plaintiffs *in pari delicto*—equally culpable—and foreclose equitable relief. The R&R cannot be used to cloak Plaintiffs' ongoing non-compliance from regulatory scrutiny. Where the asserted "trade secrets" are in fact evidence of continuing violations of IRS Publication 1075, the purpose of the injunction is not to protect proprietary value but to suppress disclosure of misconduct—an impermissible use of equitable relief.

Because the information at issue is neither secret nor protected, and because Plaintiffs' own conduct violates the very standards they seek to enforce, the R&R's disclosure theory fails as a matter of law. The Court should reject any injunctive relief premised on it.

### OBJECTION 8: R&R Creates New Theory by Judicially Merging Two Distinct TRO Motions — Bars Relief Under Rule 65(d) and *Mertik*

The R&R merges two procedurally distinct TRO motions—ECF No. 2 and ECF No. 87—into a single, judicially patched narrative that Plaintiffs never actually pleaded. These motions cite different events, affidavits, and legal theories. They were never consolidated under Rule 42(a), nor did Plaintiffs seek such relief.

Yet the R&R improperly fuses their contents to bootstrap otherwise fatal deficiencies, violating both Rule 65 and Defendant's due process right to fair notice. As the Sixth Circuit has held, "[a] preliminary injunction must be based on claims pleaded in the complaint." *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993). The Verified Complaint alleges only "use for sale" and "use for extortion" theories under the DTSA and MUTSA. It does not allege any "public display" or "LinkedIn disclosure" theory—yet the R&R imports assertions

from later filings and posts outside the pleadings to manufacture a disclosure-based injunction. See *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) ("A preliminary injunction may not issue based on unpleaded allegations.").

Neither motion independently pleads or supports a viable theory of misappropriation: ECF No. 2 depends on possession of a phantom "Lothamer Valuation," while ECF No. 87 pivots to LinkedIn disclosures never alleged in the Verified Complaint. The R&R cherry-picks from both, creating a hybrid theory Plaintiffs never actually alleged or proved.

Defendant had no notice that these motions would be fused or their theories commingled. "[T]he equitable powers of the federal courts are not unlimited," and courts may not "create remedies previously unknown to equity jurisprudence." *Grupo Mexicano de Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 329–30 (1999). The result here is not a lawful injunction but a judicial chimera—unsupported, unfair, and unsustainable. Accordingly, the R&R's recommendation on this issue should be rejected.

### OBJECTION 9: R&R Grants Injunctive Relief for Breach-of-Contract Claim Plaintiffs Never Pled or Briefed — Per Se Error Under *Winter* and *Mertik*

The R&R openly concedes: "Although Lothamer does not specifically address the likelihood of success of its breach of contract claim in support of its motions for injunctive relief", the Court concludes that [Defendant] clearly violated his nondisparagement contractual obligations. (ECF No. 107, PageID.1519–1520) (emphasis added).

This admission is dispositive. A preliminary injunction requires a finding of likelihood of success on the merits. *Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Tenke Corp. v. Dominion*, 511 F.3d 542, 546 (6th Cir. 2007). A court may not invent a legal theory plaintiffs chose not to brief, nor may it bypass the Rule 65 analysis simply because it believes a violation "clearly" occurred.

Yet the R&R recommends relief based on breach of contract despite:

18

1. No motion for contract-based injunctive relief (ECF Nos. 2, 87), and the R&R admits Plaintiffs failed to address likelihood of success for breach; fatal under *Winter*, 555 U.S. 7, 20 (2008); *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993).

2. Contract enforceability remains contested by Defendant's counterclaim of fraud.

3. Judicial rewriting of theory. The court may not salvage deficient briefing by constructing new arguments sua sponte. *"Courts must not rewrite arguments to save a claim or motion." Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011). Doing so here violates both Rule 65 and due process.

Relief must be denied.

## OBJECTION 9A: Public Records and Verified Facts Cannot Constitute Defamation — R&R's Finding Defies *Cox* and Constitutional Law

Litigants remain members of the public, with the same right as anyone else to access, review, and report on public court records. The fact that Defendant knew where to look, or had the expertise to understand the significance of public filings, does not strip those filings of their public nature or confer any trade secret status. The technical defects Defendant described — including the use of PHP 7.3.3 and SHA-1 encryption — were drawn directly from this docket, not from any private or unauthorized source, and are verified by Plaintiffs' own affiant, Jordan Casey (ECF No. 87-2). Truth, no matter how unpleasant, is neither defamation nor disparagement as a matter of law. *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 496 (1975). Relief must be denied.

## OBJECTION 10: R&R Imposes Prior Restraint Without Applying Strict Scrutiny — Violates First Amendment and SCOTUS Precedent (*Nebraska Press*, *Cox*)

The R&R erroneously asserts: "The First Amendment does not apply to private companies like Lothamer." (ECF No. 107, PageID.1520.)

This is a categorical error. The issue is not whether Lothamer is a state actor, but whether this Court — by issuing a content-based injunction — is restricting protected speech. Courts are

government actors, and injunctive orders that suppress expression are subject to the full force of First Amendment scrutiny.

The First Amendment prohibits prior restraints absent the most extraordinary justification:

- *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976) ("Prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights.")
- *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A judge may not suppress legitimate criticism of the court or its actions through injunctive means.")
- *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 496–97 (1975) (information from public records cannot be restrained simply because it causes reputational harm)

Here, the speech at issue consisted of LinkedIn posts that quoted from court filings and referenced regulatory complaints. Plaintiffs have not shown that these posts revealed any trade secret or confidential information. The R&R identifies no falsehood, no improper access, and no use of private data.

Yet the R&R imposes a prior restraint without constitutional analysis: it identifies no compelling interest, applies no strict scrutiny, considers no less restrictive alternatives, and fails to weigh the public's right to know.

Instead, the R&R sidesteps the First Amendment by claiming Defendant "contracted away" his speech rights. It cites *Ostergren v. Frick*, 856 F. App'x 562 (6th Cir. 2021), but that case involved a settlement agreement and does not support prior restraint in the context of whistleblower claims or ongoing litigation.

Even if a nondisparagement clause were valid and enforceable post-termination, it cannot override constitutional protections for speech on matters of public concern — including allegations of fraud, retaliation, and abuse by a regulated entity.

20

The Sixth Circuit has made clear:

"The remedy for damaging speech that is neither false nor unlawful is more speech, not enforced silence." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016).[7]

The R&R fails to engage with this binding precedent and enforces a speech restriction without any constitutional justification. The recommendation must be denied.

**OBJECTION 11: R&R Misapplies Irreparable-Harm Test by Ignoring Security Failures and Whistleblower Protections — Violates *Winter* and Sixth Circuit Precedent**

The Report and Recommendation misapplies the "balance of harms" and "irreparable harm" elements of the *Winter* test by accepting conclusory claims of harm while disregarding sworn denials, undisputed security failures, and public interests rooted in whistleblower rights and First Amendment protections.

**Plaintiffs' Own Evidence Shows Broken Security and Public Disclosure**

The "portal" Plaintiffs seek to protect is not secured and has not been for years. Plaintiffs' own exhibit confirms that it operated on outdated PHP 7.3.3 and required updates to the Dwoo templating engine — technology only compatible with obsolete PHP versions. (ECF No. 1-7, PageID.90.) Defendant's declaration and Plaintiffs' own filings also confirm multiple unreported security breaches in April and May 2024. (ECF No. 14, PageID.253; ECF No. 1-6.) These breaches, hardcoded credential bypasses, and technical rot are the result of Plaintiffs' own conduct — both before Defendant was hired and continuing afterward. None of these failures are attributable to Defendant. They preclude any finding of

---

[7] *"If there be time to expose through discussion the falsehood and fallacies, to avert the evil by the processes of education, the remedy to be applied is more speech, not enforced silence." Whitney v. California*, 274 U.S. 357, 377 (1927) (Brandeis, J., concurring).

"irreparable harm." No injunction may issue to protect alleged "trade secrets" that were never secured and were already exposed to the public.

**Whistleblower Reporting Is Not Harm — It Is Protected Conduct**

Defendant lawfully preserved materials and reported misconduct to TIGTA and three state Attorneys General, conduct expressly immunized by the Defend Trade Secrets Act, 18 U.S.C. § 1833(b). Even if all alleged damages occurred, their total exposure cannot exceed the company's fair-market value—*see United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984) ("When market value is ascertainable and does not result in manifest injustice, it is the measure of just compensation")—unlike the unbounded injury to public trust. Plaintiffs' effort to recast this protected activity as "irreparable harm" flouts federal policy and underscores the retaliatory nature of this litigation. The R&R omits § 1833(b) entirely.

**No Showing of Actual Harm or Use**

Plaintiffs do not allege any loss of customers, competitive injury, or misuse of alleged trade secrets. They do not identify a single client, vendor, or regulator who received information from Defendant. Instead, the alleged harm rests on speculation that Defendant might exploit materials Plaintiffs cannot even identify — such as the phantom "Lothamer Valuation." Speculative harm cannot support injunctive relief. See *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 579 (6th Cir. 2002) ("The harm to the opposing party must be more than speculative or theoretical.").

**Plaintiffs' Delay Belies Any Claim of Urgency**

The R&R disregards the procedural history. Plaintiffs did not seek a TRO until months after termination and only after public criticism on LinkedIn. This delay belies any claim of imminent harm. Courts consistently hold that delay undercuts a claim of irreparable injury.

**Ongoing Harm from Suppressing Protected Speech and Privileged Documents**

The limited imaging order, if executed, will cause concrete, irreparable harm. The device targeted for imaging contains legal strategy, whistleblower materials, attorney–client communications, and press drafts — none of which were alleged in the complaint or protected by any court order at the time of termination. Plaintiffs seek to capture and suppress this content not to protect trade secrets, but to avoid scrutiny.

**The Balance of Harms Favors Defendant and the Public**

The public has a compelling interest in exposing misconduct, securing client data, and protecting whistleblowers. Courts do not silence speech or override privilege for speculative commercial interests, especially where any reputational risk to Plaintiffs stems from their own actions.

**Binding Sixth Circuit and Supreme Court Precedent Requires More Than Speculation**

Courts routinely deny injunctive relief where the alleged harm is vague, speculative, or unsupported. See *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[I]njunctive relief may not be granted unless the movant, by a clear showing, carries the burden of persuasion."); *Winter v. NRDC*, 555 U.S. 7, 22 (2008) (likelihood of irreparable harm must be established as likely, not just possible); *Tenke Corp. v. DeZeeuw*, 511 F.3d 538, 553 (6th Cir. 2008); *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ("The mere assertion that damages are difficult to calculate is not sufficient to show irreparable harm.").

The R&R ignores these standards and adopts the speculative harms alleged in a verified complaint — while disregarding Defendant's sworn affidavit denying misappropriation and disclosing Plaintiffs' own security lapses. That is not a basis for equitable relief.

**OBJECTION 12: R&R Treats Ordinary Competition as Irreparable Harm —
Contradicts *Gates* and Injects Unpled Theory in Violation of *Rondigo***

The R&R finds irreparable harm not based on any showing of actual misuse, disclosure, or

commercialization of Lothamer's materials, but instead on the bare fact that Defendant

founded a competing business. (ECF No. 107, PageID.1521.) That is not enough.

Mere competition is not irreparable harm, and forming a new business does not presume

misappropriation. The R&R identifies no trade secret, code, or client data used by Defendant,

and Plaintiffs never pled competitive use. The Verified Complaint alleges only improper

acquisition and possession—not use or commercialization. (ECF No. 1, PageID.30–33.)

Courts may not rewrite pleadings to sustain injunctive relief. *Rondigo, LLC v. Twp. of

Richmond*, 641 F.3d 673, 681 (6th Cir. 2011).

To the extent the R&R pivots to a use or disclosure theory under DTSA or MUTSA, that shift

contradicts the record. Plaintiffs present no evidence of misappropriation—only conjecture

based on the existence of a public-facing website. That is legally insufficient. See:

- *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 848 (10th Cir. 1993) ("A competitor's mere possession of trade secrets is insufficient to support injunctive relief without a showing of actual or threatened use.")
- *Apple Inc. v. Rivos, Inc.*, No. 5:22-cv-02637, 2023 WL 5183034, at *7 (N.D. Cal. Aug. 11, 2023) (alleging possession alone is insufficient under DTSA)
- *Packaging Corp. of Am. v. Croner*, 419 F. Supp. 3d 1059, 1066 (N.D. Ill. 2020) ("To prove a trade secret violation, the plaintiff must first establish that the information at issue is a trade secret and that reasonable efforts were made to keep it secret.").

Plaintiffs also admit Defendant had lawful access during employment. They do not allege

post-termination acquisition or use. There is no forensic evidence, witness testimony, or

document trail showing use or misuse by Defendant or his company.

Injunctive relief cannot rest on speculation, unpled theories, or inferences drawn from routine business competition. The R&R errs in equating market participation with irreparable harm and should be rejected on this basis.

**OBJECTION 13: No Evidence of Misuse — R&R Misapplies Balance of Harms, Undermines § 1833(b) Whistleblower Rights, and Obstructs Federal Oversight, Violating *Basicomputer***

The R&R wrongly concludes that Defendant will suffer "no harm" from the proposed injunction because he could obtain information in discovery, is not prevented from working, and is merely subject to existing contractual obligations. (ECF No. 107, PageID.1521–23.) That conclusion is factually wrong, legally deficient, and ignores both whistleblower protections and ongoing public interest concerns.

Defendant is not a routine commercial litigant. He is a whistleblower who filed formal complaints with TIGTA (Case No. TRN-2507-0081), the IRS Office of Professional Responsibility, the Michigan Attorney General Consumer Protection Bureau (File No. 2025-CONSC-00207250), LARA, the Ohio Attorney General (File No. 2025-0715923), the Federal Trade Commission (FTC), and either the Small Business Administration (SBA) or IRS Criminal Investigation Division regarding fraud, false claims, and security violations.

**TIGTA Special Agent King has already issued targeted inquiries related to materials lawfully preserved by Defendant**. These include whistleblower reports, attorney–client materials, litigation drafts, and technical evidence supporting allegations of misconduct. If Defendant is barred from accessing this data—or forced to destroy it under threat of contempt—he cannot comply with follow-up inquiries or subpoenas. This would irreparably harm his rights and obstruct oversight investigations. Defendant is willing to submit responsive materials for in-camera review to confirm good faith.

Plaintiffs offer no evidence of misuse—no forensic report, no improper disclosure, and no rebuttal of Defendant's sworn declarations. His public commentary cites only court records and PACER filings. Meanwhile, Plaintiffs have refused to produce the "Lothamer Valuation," admit the "Scheduled Deposits" code was incomplete, and cannot define the alleged "portal." Their trade secret claims remain vague and unsubstantiated.

The proposed third-party custody or destruction order is not a neutral enforcement of contract; it functions as a gag order and suppresses protected disclosures, which is not a permissible use of equitable power. Damages must be irreparable, not merely hard to calculate. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). Mere suspicion or speculation cannot establish irreparable harm. *Apple Inc. v. Rivos, Inc.*, 2023 WL 5183034, at *7 (N.D. Cal. Aug. 11, 2023). Courts deny injunctions where alleged harm is speculative and the balance of hardships favors the defendant. *Packaging Corp. of Am. v. Croner*, 419 F. Supp. 3d 1059, 1066 (N.D. Ill. 2020).

This case involves whistleblower immunity under 18 U.S.C. § 1833(b) and Michigan's Whistleblowers' Protection Act, MCL § 15.361 et seq., not speculative IP claims. Courts should not tip the scales of justice toward dubious, unverified "trade secret" allegations over the public interest—especially when **those assertions are contradicted by the record and contested under oath. If the Court rushes to grant overbroad relief and Plaintiffs' misrepresentations prevail, thousands may remain victims; if the Court waits and Defendant is wrong, one person is accountable.** The balance is clear: protecting the public outweighs speculative private claims. Delay sustains constitutional protections, government oversight, and accountability. The R&R's contrary conclusion must be rejected.

**OBJECTION 14: R&R Imports Unpled "Competition" Theory from Briefing — No Irreparable Harm Shown Under *Gates*; Pleading Rewrite Barred by *Rondigo***

The R&R's reliance on the "CheapTaxSolutions" theory is improper. Plaintiffs never pled it in their Verified Complaint, sought amendment under Rule 15, or proved it in either TRO motion. Defendant flagged this defect in opposition. (ECF No. 71, PageID.1003.) Injunctions cannot rest on speculation. *Winter v. NRDC*, 555 U.S. 7, 22 (2008). Assertions that Defendant has a "prime opportunity" to exploit Plaintiffs' information are conjecture courts reject. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982).

Even if Defendant were competing — which he is not — competition alone does not establish irreparable harm. Economic injury, loss of business, or customer diversion is compensable by damages and not irreparable. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002); *Packaging Corp. of Am. v. Croner*, 419 F. Supp. 3d 1059, 1071 (N.D. Ill. 2020). The "CheapTaxSolutions" theory is both procedurally barred and substantively insufficient under *Winter*.

**OBJECTION 15: No Exigency Justifies Shortened Objection Period**

Defendant previously raised this objection in ECF No. 109. Although the Court did not fully sustain it, Defendant reasserts it here to preserve the issue for appeal. The R&R improperly shortens the 14-day objection period under 28 U.S.C. § 636(b)(1)(C), citing "exigencies" based on Defendant's public posts. (ECF No. 107, PageID.1523.) This is both procedurally flawed and factually unsupported.

**No Emergency Exists.**

Plaintiffs cite a post from June 28, 2025, yet waited until July 26 to file their second TRO motion—a 30-day delay that defeats any claim of urgency. See *Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018) ("A party requesting a preliminary injunction must generally show reasonable diligence.").

**Public Court Records Remain Public—PACER Login or Not.**

Defendant's posts cite PACER records on litigation abuse, consumer fraud, and cybersecurity—core First Amendment issues. A PACER login or fee does not make judicial records private; they remain public whether accessed via PACER, a courthouse terminal, or aggregators like Justia or Law360. *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 496 (1975) (First Amendment bars liability for publishing truthful public-record information); *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (judicial records are "presumptively open"). Plaintiffs made this case public; the PACER–LinkedIn distinction is a red herring.

**No Finding of Breach Without Process.**

The R&R declares a breach of contract without a hearing, record evidence, or findings of enforceability. Defendant contests the contract's validity in his counterclaims. Rule 65 cannot be bypassed by assuming contested facts.

**No Legal Basis to Abridge a Statutory Right.**

Courts may shorten objection periods only for true emergencies—e.g., imminent executions or asset dissipation. No such risk exists here. Defendant has made no new disclosures and relies solely on public materials.

**Procedural Impropriety: Two Motions, One R&R.**

The R&R consolidates two distinct TRO motions with different theories and timing, then compresses the objection deadline—blurring the record and prejudicing Defendant. That shortcut undermines due process.

There is no emergency, no hearing, and no lawful basis to abridge Defendant's objection rights. The Court should reject the R&R on this ground alone.

## V. Cumulative Procedural Error Warrants Rejection of the R&R

Defendant objects to the R&R for a recurring pattern of procedural error, including:

- Crediting unproduced and unauthenticated evidence — See Objection 6.
- Merging distinct motions and theories without proper notice — See Objection 1.
- Relying on unpled theories absent from the operative complaint — See Objection 14.
- Granting relief on speculative scenarios instead of proof of irreparable harm — See Objection 12,13.
- Disregarding unrebutted sworn testimony — See Objection 2,3.
- Omitting analysis of controlling adverse authority — See Objection 3.
- Disregarding that the contract provisions at issue are challenged as void and unenforceable — See Objection 4.
- Imposing asymmetrical and compressed deadlines without genuine exigency — See Objection 15.
- Mischaracterizing FRCP 72(b)(2)'s deadline as a "maximum" — See Objection 15.
- Using injunctive relief as a discovery device — See Objection 4,13.
- Treating publicly accessible court records as if they were confidential — See Objection 9A.

These deviations are not isolated; their cumulative effect deprived Defendant of a fair and reliable adjudication. See *Brown v. Matthews Mortuary, Inc.*, 118 F.3d 1008, 1015 (4th Cir. 1997) (cumulative procedural errors in a civil case warranted reversal); *cf. United States SEC v. Miner*, 744 F.3d 1123, 1136 (9th Cir. 2014) (cumulative procedural defects in civil enforcement action required vacatur).

## CONCLUSION

For the reasons above, the Court should reject the Report and Recommendation in full. It relies on unpled theories, ignores sworn declarations and unrebutted evidence, and misapplies the legal standards for injunctive relief. The R&R recommends extraordinary measures based on speculation—not facts or law—and disregards Defendant's statutory and constitutional rights.

## REQUEST FOR RELIEF

For these reasons, Defendant requests that the Court reject the R&R in full, deny Plaintiffs'

motions for injunctive relief, and affirm Defendant's whistleblower protections under 18

U.S.C. § 1833(b) and the Michigan Whistleblowers' Protection Act, MCL § 15.361 et seq.,

while restoring the safeguards mandated by Rule 65, the First Amendment, and 28 U.S.C. §

636(b)(1).

Alternatively, if any portion of the R&R is adopted on unpled theories, unbriefed grounds, or

new evidence, Defendant seeks leave to respond under Rule 15(a)(2) or other authority.

Deciding on new grounds without that opportunity would prejudice a pro se litigant.

Preservation of Rights: Defendant preserves all rights, defenses, objections, and arguments

not addressed here, including appellate rights under 28 U.S.C. § 636(b)(1), Rule 72(b)(3), and

Rule 65.

Respectfully submitted,

/s/ Paul Kimmel
Paul Kimmel
Defendant / Counterclaimant
405 Shoreline Dr
Dewitt, MI 48820
(517) 930-5671
pkimmel@softconcepts.com
Dated: August 14th, 2025