UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTHAMER TAX RESOLUTION, INC.,
et al.,

    Plaintiffs,                                               Case No. 1:25-cv-579

v.                                                             Hon. Hala Y. Jarbou

PAUL KIMMEL,

    Defendant.
_____/

## ORDER

On August 29, 2025, the Court issued a notice of an evidentiary hearing in this case (ECF No. 130). Defendant, who is proceeding pro se, subsequently filed a "Motion for Leave to File Motion for Accommodation," asking permission "(a) to bring and use a phone or tablet in the courtroom for the limited purpose of consulting pleadings, statutes, rules, and case law; and (b) to receive reasonable additional time to consult authorities raised by Plaintiffs during hearings." (ECF No. 132.) The local rules prohibit the use of electronic devices in the courtroom "[u]nless the presiding judicial officer gives permission for use of the device." W.D. Mich. Gen. R. 4.3(d)(i). The Court will deny the motion because it is not persuaded that access to an electronic device is necessary for the purposes of the evidentiary hearing, or that exceptions to the local rules are warranted for pro se parties. *See Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow these rules").

Defendant also filed a document entitled "Notice of Filing Declaration of Paul Kimmel in Opposition to Plaintiffs' Motion for Preliminary Injunction." (ECF No. 134.) However,

Defendant has already filed a response to Plaintiffs' motion for a preliminary injunction (ECF No. 11), and he did not obtain this Court's leave to file a declaration. Therefore, the Court will strike Defendant's filing. *See Getachew v. Cent. Ohio Transit Auth.*, No. 2:11-cv-860, 2013 WL 819733, at *2 (S.D. Ohio Mar. 5, 2013) ("[T]rial courts make use of their inherent power to control their dockets, when determining whether to strike documents or portions of documents." (citing *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003))); *see also, e.g.*, *Albino-Martinez v. Adducci*, 454 F. Supp. 3d 642, 647 (E.D. Mich. 2020) (striking document that was improperly filed without leave from the court). If Defendant wishes to add evidence to the record, he may do so through testimony or exhibits at the evidentiary hearing.

Accordingly,

**IT IS ORDERED** that Defendant's motion for leave (ECF No. 132) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's notice of filing (ECF No. 134) is **STRICKEN**.

Dated: September 3, 2025      /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE