UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTHAMER TAX RESOLUTION, INC., et al.,

    Plaintiffs,

v.

PAUL KIMMEL,

    Defendant.

Hon. Hala Y. Jarbou

Case No. 1:25-cv-579

**ORDER**

This matter is before the Court on Plaintiffs' Emergency Motion for an Order to Show Cause Why Defendant Has Not Complied with ECF No. 145. (ECF No. 153.) Upon review of the motion and related filings, Plaintiff's Motion (ECF No. 153) is **granted in part and denied in part**. Also pending before the Court is Defendant Kimmel's Motion to File a Motion for Clarification of September 19, 2025 Order. (ECF No. 148.) That motion is **granted**, and the Motion for Clarification is **granted**.

On September 19, 2025, the Court granted a preliminary injunction to Plaintiffs and ordered Defendant Kimmel immediately to return the property and confidential information of Plaintiff Lothamer Tax Resolution, Inc. (ECF No. 145.) Defendant Kimmel filed his motion to file a motion for clarification, as well as two notices stating that he had complied with the order. (ECF Nos. 148, 149, 150.) Plaintiffs then filed their Emergency Motion for an Order to Show Cause, noting that Defendant Kimmel's filings indicate that he has not fully complied with the Court's order granting the preliminary injunction. The Court agrees that Defendant Kimmel has not fully complied with the Court's September 19, 2025 Order and provides further instructions as follows.

On September 19, 2025, the Court ordered that Defendant Kimmel "immediately" "return to Lothamer all of the company's property or confidential information he still possesses or controls, whether in digital or physical form, including (but not limited to): Lothamer's Portal, the Scheduled Deposits Program, the key or method for decrypting 'Project Alice' and the 'backdoor' file, and any other software, files, code, client lists, client data, encryption keys, or copies thereof." (ECF No. 145, PageID.1939-40.) As such Defendant Kimmel was required to provide everything tangible and a copy of anything intangible[1] in his possession, custody, or control. It is irrelevant whether Plaintiff Lothamer already has possession of any particular document or information.

Given the dispute between the parties over the method of transfer of this material, the Court orders that any digital copy must be physically delivered to Plaintiff Lothamer's counsel on a hard drive, in files that are accessible to Lothamer or its attorneys, experts, and agents. If encrypted, the password or key must be delivered with the hard drive. Defendant Kimmel is not required to reduplicate any material previously provided pursuant to ECF No. 60. He must, however, provide the password for that material if he has not already.

While the Court cannot order the production of materials that do not exist, if there is anything listed in the Court's September 19, 2025 Order that Defendant Kimmel claims does not exist, such as the encryption key, password, or method for decrypting "Project Alice" and the "backdoor" file, the Lothamer Portal, or the Scheduled Deposits Program, Defendant Kimmel must provide a declaration or affidavit stating that he does not have and either (1) never did have possession of that material or information or (2) did have possession but does not now (explaining

---

[1] In his filings, Defendant Kimmel draws a distinction between tangible and intangible material. (*See*, *e.g.*, ECF 157, PageID.2017; ECF No. 148-1, PageID.1966.) However, the Court rejected that distinction and ordered that both be returned and, in the case of intangible digital information, be deleted. (ECF No. 145, PageID.1939-40.)

2

when he had possession, when that ended, and why he does not now). However, if Defendant Kimmel has a component, portion, or part of any item listed in the September 19, 2025 Order, he must return that component, portion, or part.[2] In that affidavit or declaration, he must also state that he will not use or access any backdoor file to gain access to Plaintiff Lothamer's files, data, or system. That affidavit must be provided within **five days** of this Order.

Defendant Kimmel indicates that he has retained some information as "privileged" under various whistleblower statutes. In lieu of providing that material to Plaintiffs, Defendant Kimmel is ordered to deliver a paper copy of any written communications he has had with any governmental body to the Court. If any communications Defendant Kimmel claims are privileged were made by voice communication or in person, he must provide a log of those communications to the Court, indicating the date and nature of the communications. If he provided any government agency with any information or data belonging to Plaintiff Lothamer in an electronic file, he may deposit a copy of that on a hard drive or USB drive with the Court. That material must be provided to the Court in camera within **five days** of this Order.

On September 19, 2025, the Court further ordered that "after returning Lothamer's property and information, [Defendant Kimmel] delete or destroy all copies of that information in his possession or control." (*Id.*) This includes all copies in whatever form, including any material Defendant Kimmel claims is privileged under various whistleblower statutes. If he has provided material to some governmental body, there is no reason for him to retain it further (particularly where he has provided a copy to the Court). Moreover, as stated in the Court's September 19, 2025 Order, that Order supersedes the preservation order (ECF No. 60). (ECF No. 145, PageID.1940

---

[2] The September 19, 2025 Order does not require return of source materials that predate Defendant Kimmel's employment at Lothamer.

3

("To the extent that the deletion of files in (2) conflicts with the Court's prior order requiring preservation of such files (ECF No. 60), this Order controls.").) It is not required that either party strike any material from the Court's docket.

The Court also ordered that Defendant Kimmel "provide a list of all people or organizations to whom he has disclosed Lothamer's confidential information without the company's permission, people or organizations who currently possess Lothamer's confidential information due to his unauthorized disclosure, and locations (physical or online) where he has deposited or posted Lothamer's confidential information." (ECF No. 145, PageID.1940.) This means he must disclose any and all individuals, organizations, or entities to which he has provided any Lothamer information. If Defendant Kimmel claims that the only individuals or entities with whom he has shared Plaintiff Lothamer's confidential information are government agencies (or similar) for which he claims a whistleblower privilege, he must provide a paper copy of any correspondence and a log of any voice communications for in camera review, as noted above.

Based on this Order and Defendant's actions in attempting to comply with the September 19, 2025 Order, Defendant's Motion for Leave to File Motion to Stay Pending Appeal (ECF No. 147) is **denied as moot**. In light of the foregoing, the hearing scheduled for October 14, 2025, at 2:00 P.M. is **canceled**.

IT IS SO ORDERED.

Dated: September 30, 2025                                /s/ Sally J. Berens
                                                                                                                       SALLY J. BERENS
                                                                                                                       U.S. Magistrate Judge