UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTHAMER TAX RESOLUTION, INC.,
et al.,

    Plaintiffs,

v.

PAUL KIMMEL,

    Defendant.

_____/

Case No. 1:25-cv-579

Hon. Hala Y. Jarbou

## ORDER

In accordance with the opinion issued this date:

**IT IS ORDERED** that Defendant's objections (ECF No. 173) to the Report and Recommendation (R&R) (ECF No. 168) are **SUSTAINED IN PART and OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' objections (ECF No. 174) to the R&R (ECF No. 168) are **SUSTAINED IN PART and OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 168) is **APPROVED IN PART and REJECTED IN PART** as set out in the accompanying opinion.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 44) is **GRANTED IN PART, DENIED IN PART, and HELD IN ABEYANCE IN PART**. The Court dismisses Lothamer's claims for (1) violation of the Computer Fraud and Abuse Act, (2) violation of the Defend Trade Secrets Act, (3) violation of the Michigan Uniform Trade Secrets Act, (4) breach of the Employment Agreement's non-disclosure provision, (5) breach of the Employment Agreement's non-disparagement provision as to the April 29, 2025, LinkedIn post

and the letter, and (6) fraud in the inducement.  The Court holds in abeyance the motion to dismiss as to Lothamer's common law and statutory conversion claims.  Lothamer's other surviving claims are those for (1) violation of the Stored Communications Act, (2) breach of the Employment Agreement's non-retention provision, and (3) breach of the Employment Agreement's non-disparagement provision as to the April 21, 2025, LinkedIn post.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss Plaintiffs' DTSA claim (ECF No. 118) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' partial motion to dismiss Defendant's counterclaims (ECF No. 131) is **GRANTED IN PART and DENIED IN PART**.  The Court dismisses Defendant's counterclaims for (1) violation of the Michigan Whistleblowers' Protection Act, (2) promissory estoppel, (3) conversion, (4) abuse of process, (5) violation of the False Claims Act, (6) defamation, (7) false light invasion of privacy, and (8) intentional infliction of emotional distress.  Kimmel's surviving claims are those for (1) termination in violation of public policy, (2) fraudulent inducement related to pre-hiring representations, and (3) fraudulent inducement related to post-hiring representations (pled as constructive fraud).

**IT IS FURTHER ORDERED** that within 14 days of the date of this Order both Plaintiffs and Defendant may file motions to dismiss the conversion claims and counterclaim, addressing whether preemption applies and (if so) whether the opposing party has stated a federal Copyright Act claim.  Each party will then have 14 days to file a response brief, and 7 days thereafter to file a reply.

Dated: November 26, 2025

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE