UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTHAMER TAX RESOLUTION, INC., et al.,

    Plaintiffs,

v.

PAUL KIMMEL,

    Defendant.

Hon. Hala Y. Jarbou

Case No. 1:25-cv-579

# ORDER

This matter is before the Court on Plaintiffs' Motion for an Order to File Defendant's Regulatory Body Submissions on the Public Docket. (ECF No. 203.) Upon review of the motion and related filings, the motion (ECF No. 203) is **denied**.

On September 19, 2025, the Court ordered that Defendant Kimmel "immediately" "return to Lothamer all of the company's property or confidential information he still possesses or controls." (ECF No. 145, PageID.1939-40.) After Defendant Kimmel indicated that he had retained some communications with governmental bodies as privileged under various whistleblower statutes, the Court ordered that Defendant Kimmel "deliver a paper copy of any written communications he has had with any governmental body to the Court" in camera for preservation and then "delete or destroy all copies of that information in his possession or control." (ECF No. 160, PageID.2035.) Defendant lodged that material with the Court.

Plaintiff now moves that the documentation Defendant deposited with the Court be filed on the public docket. This motion borders on frivolous. Defendant was required to deposit a copy of these documents with the Court so that he could comply with the Court's order to return or

delete all of Plaintiff's property or confidential information (and because the ill will between the parties and Defendant's pro se status made other remedies unworkable). Plaintiff has made no showing that these materials are relevant to any motion or other filing or discoverable at this time.

The cases Plaintiff cites are not to the contrary, as they all concern material relevant to a judicial decision, such as a dispositive motion. *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025); *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). The point of the presumption of public filing is that the public can review the record upon which a Court adjudicates. *Shane Group, Inc.*, 825 F.3d at 305. While the material at issue here might someday be relevant to a judicial decision and require public filing, or potentially be available to Plaintiff through discovery, it is currently simply lodged with the Court for preservation because the parties have been unable to navigate normal preservation processes. *See Grae*, 134 F.4th at 933 (citing *Seattle Times v. Rhinehart*, 467 U.S. 20, 34-35 (1984)). As such, there is no presumption of availability to the public.

IT IS SO ORDERED.

Dated: February 10, 2026                             /s/ Sally J. Berens
                                                                             SALLY J. BERENS
                                                                             U.S. Magistrate Judge