UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTHAMER TAX RESOLUTION, INC., et al.,

Plaintiffs,

v.

PAUL KIMMEL,

Defendant.
_______________________________/

Case No. 1:25-cv-579

Hon. Hala Y. Jarbou

**ORDER**

This is a trade secrets and breach of contract case brought by Plaintiffs Lothamer Tax Resolution, Inc., Lothamer Consulting Services, LLC, and Lothamer Franchise Corporation (collectively "Lothamer") against their former employee, Defendant Paul Kimmel. On August 11, 2026, Magistrate Judge Sally J. Berens issued a report and recommendation (R&R) (ECF No. 374) that the Court grant in part and deny in part Kimmel's partial motion to dismiss (ECF No. 276). Kimmel has filed objections (ECF No. 386). Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). For the reasons explained below, the Court approves the R&R and grants in part the motion to dismiss.

**A. Objection 1: Bailment**

Lothamer brings a breach of contract claim against Kimmel for allegedly retaining the Scheduled Deposits Program and the Portal despite a provision in his employment contract

requiring him to return both within two weeks of ending his employment. Lothamer also brings a conversion claim for the same acts: Kimmel's retention of the Scheduled Deposits Program and the Portal. Kimmel argues that Lothamer may not bring a conversion claim because his duty to return the Scheduled Deposits Program and the Portal stems entirely from the contract, and no tort claim can arise purely from the violation of a contractual duty. *See Consol. Rail Corp. v. Grand Trunk W. R.R. Co.*, No. 09-10179, 2009 WL 3460334, at *8 (E.D. Mich. Oct. 22, 2009) (citing *Fultz v. Union-Com. Assocs.*, 683 N.W.2d 587, 592 (Mich. 2004)). Lothamer counters that Kimmel had a non-contractual duty to return the Scheduled Deposits Program and Portal because they were Lothamer's property. The magistrate judge agreed, reasoning that Kimmel's employment contract created something akin to a bailment relationship that gave Kimmel a temporary right to possess Lothamer's property, and at the end of that relationship Kimmel no longer had a right to keep the property.

Kimmel first objects that the magistrate judge's invocation of bailment was improper because Lothamer did not mention such a theory in its complaint. But the complaint alleges that Kimmel committed conversion by retaining the Scheduled Deposits Program and Portal without any right to possess them. (*See* Am. Compl. ¶¶ 424–30, ECF No. 274.) That allegation is sufficient to state a conversion claim. While the concept of bailment clarifies the rights that Kimmel had regarding Lothamer's property, it was not necessary for Lothamer to explicitly use that word in order to state a conversion claim.

Next, Kimmel argues that no bailment relationship existed between him and Lothamer regarding the Scheduled Deposits Program and the Portal. A bailment relationship requires "a full transfer [of the property] to the bailee so as to exclude the possession of the owner and all other persons and to give to the bailee the sole custody and control thereof." *Orton v. Markward &*

*Karafilis, Inc.*, 269 N.W.2d 219, 221 (Mich. Ct. App. 1978). Kimmel never had exclusive possession of the Scheduled Deposits Program or the Portal; he merely possessed copies of the underlying code. Thus, Kimmel contends, no bailment could have existed.

But this argument misses the point. The precise arrangement under which Kimmel was authorized to use Lothamer's property does not impact the ultimate question of whether he could retain it. There is no dispute that Kimmel had the right to use Lothamer's property while he was employed there. The question is what happened when that right expired. The analogy to bailment, while perhaps imprecise, establishes that once a person's temporary right to use another's property expires, the continued possession of that property violates a non-contractual duty—namely, the duty to not interfere with the property of others. *See Graham Med. Techs., LLC v. Akron Med., Inc.*, No. 2:09-cv-14905, 2011 WL 1899230, at *7 (E.D. Mich. May 19, 2011). Because Kimmel allegedly possessed Lothamer's property after his contractual right to possess it had expired, he may be held liable for conversion.

**B. Objections 2 and 3: CheapTaxSolutions.com**

Lothamer also asserts a breach of contract claim against Kimmel for his alleged operation of CheapTaxSolutions.com, which Lothamer claims is a direct competitor to its tax services. In its complaint, Lothamer cites two contractual provisions that prohibit Kimmel from operating the website. First, the Employment Contract's non-solicitation clause states in part that Kimmel will not

> [o]ffer his[] services to any present client of [Lothamer], or to any former client who has left [Lothamer] within twelve months of the termination date[] of [Kimmel]'s employment[,] or in any way seek to induce, bring about, promote, facilitate or encourage the discontinuation of, or in any way solicit on behalf of himself[] or others, or in any way accept, receive or transfer any renewal or replacement of, any of the business or accounts of any past or present client of [Lothamer].

(Employment Agreement 4, ECF No. 274-3.) Second, the Non-Disclosure Agreement states that Kimmel will not "[u]se the Confidential Information disclosed to [him] by Lothamer for use outside of" his employment, "or for any unpermitted purpose," and "will not disclose such Confidential Information to anyone." (Non-Disclosure Agreement 1, ECF No. 274-4.) Lothamer contends that Kimmel's operation of CheapTaxSolutions.com constitutes an attempt to solicit its clients, and that Kimmel was only able to create the website using Lothamer's confidential information. (Am. Compl. ¶ 410.)

The magistrate judge recommended denying Kimmel's motion to dismiss Lothamer's claims regarding CheapTaxSolutions.com, and the Court agrees. As to the non-solicitation clause, Lothamer points to Kimmel's LinkedIn post from June 28, 2025, where he accused Lothamer of concealing security vulnerabilities from its clients. He then stated, "As a result of all this, I'm building an alternative: CheapTaxSolutions.com." (6/28/2025 LinkedIn Post 4, ECF No. 87-1.) While Kimmel is correct that general competition with Lothamer does not necessarily constitute solicitation of its clients, in the LinkedIn post Kimmel specifically appealed to Lothamer's clients, claiming that their data was vulnerable. Criticizing Lothamer's treatment of its clients and offering his own site as an alternative constitutes "encourag[ing] the discontinuation of . . . any of the business or accounts of any past or present client of [Lothamer]." (Employment Agreement 4.) Kimmel also objects that his post merely discussed a future website he was building, rather than a presently operating competitor.[1] But the functionality of CheapTaxSolutions.com is irrelevant, as

[1] Kimmel argues that the magistrate judge improperly relied on his preliminary injunction testimony to conclude that CheapTaxSolutions.com is presently operational. *See Williams v. Barton Malow Co.*, 581 F. Supp. 3d 923, 929 (N.D. Ohio 2022) ("Rule 12(b)(6) motions must typically be limited to consideration of the pleadings or converted to a motion for summary judgment under Federal Rule of Civil Procedure 12(d)."). However, the complaint itself alleges that CheapTaxSolutions.com is operational (*see* Am. Compl. ¶¶ 182–83), so there is no need to rely on preliminary injunction testimony for this point. Moreover, as noted above, Lothamer's claim does not hinge on the business being presently operational.

the contract bars Kimmel from encouraging clients to leave Lothamer regardless of whether he can offer an active replacement.

As to the use of confidential information, while there is no direct evidence that Kimmel is using Lothamer's data to build his own company, Lothamer alleges sufficient facts to support such an inference from circumstantial evidence. As the Court has previously explained, it is "implausible that Kimmel has retained significant amounts of Lothamer's data, and begun operating a company that appeals to the same client base as Lothamer, but is not using Lothamer's data in any way." *Lothamer Tax Resol., Inc. v. Kimmel*, No. 1:25-cv-579, 2025 WL 2879364, at *2 (W.D. Mich. Sept. 19, 2025). Thus, it is plausible that Kimmel has used Lothamer's confidential information to build CheapTaxSolutions.com, which is a breach of the Non-Disclosure Agreement.

**C. Objection 4: DTSA Notice Requirement**

Lothamer brings a claim under the Defend Trade Secrets Act (DTSA) for misappropriation of trade secrets. Kimmel argues that Lothamer failed to include in his employment contract the statutorily required notice regarding DTSA immunity. *See* 18 U.S.C. § 1833(b)(3)(A) ("An employer shall provide notice of the immunity set forth in this subsection in any contract or agreement with an employee that governs the use of a trade secret or other confidential information."). An employer who fails to include such a notice "may not be awarded exemplary damages or attorney fees" in a DTSA action. *Id.* § 1833(b)(3)(C). However, as Lothamer notes, "[s]uch immunity is an affirmative defense, and entitlement to the immunity must be established by the defendant." *Knox Trailers, Inc. v. Maples*, 581 F. Supp. 3d 1000, 1016 (E.D. Tenn. 2022). "Courts 'only address affirmative defenses on Rule 12(b)(6) motions where the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.'" *Id.* at 1016–17 (quoting *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013)).

Because Lothamer's complaint does not clarify exactly what notice Kimmel was provided, the Court cannot rule on the applicability of the § 1833(b)(3)(C) defense at this time.

**D. Objection 5: Non-Disparagement Clause**

Finally, Lothamer alleges that Kimmel's online criticism of the company violated the non-disparagement provision of his employment agreement. Kimmel contends that the non-disparagement clause does not extend past the term of employment, so it was not operative at the time of his alleged breach. However, he acknowledges that he did not raise this argument in his motion to dismiss and that it has not been briefed. The Court agrees, and will postpone consideration of this issue until it is properly raised. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Court have held that . . . the Magistrate Judge Act, . . . absent compelling reasons, does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 374) is **APPROVED** and **ADOPTED** as set forth herein.

**IT IS FURTHER ORDERED** that Kimmel's partial motion to dismiss (ECF No. 276) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted only as to the alleged breach of the non-disparagement clause in the July 30, 2025, LinkedIn post. The motion is denied in all other respects.

Dated: September 3, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE