UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTHAMER TAX RESOLUTION, INC., et al.,

Plaintiffs,

v.

PAUL KIMMEL, et al.,

Defendants.
_____________________________________/

Case No. 1:25-cv-579

Hon. Hala Y. Jarbou

**ORDER**

In this employment and trade secrets case, Plaintiffs (collectively "Lothamer") have filed an emergency motion for an order to show cause why Defendant Kimmel has not complied with the Court's preliminary injunction. (Pls.' Mot., ECF No. 407.) That preliminary injunction stated in relevant part:

> **IT IS ORDERED THAT** Kimmel must immediately (1) return to Lothamer all of the company's property or confidential information he still possesses or controls, whether in digital or physical form, including (but not limited to): Lothamer's Portal, the Scheduled Deposits Program, the key or method for decrypting "Project Alice" and the "backdoor" file, and any other software, files, code, client lists, client data, encryption keys, or copies thereof; (2) after returning Lothamer's property and information, delete or destroy all copies of that information in his possession or control; [and] (3) cease and refrain from using or disclosing Lothamer's confidential information and property . . . .

(9/19/2025 Order 6–7, ECF No. 145.) That injunction was a means of enforcing Kimmel's employment agreement, which provided that Kimmel would "return all confidential information in his[] possession" after ending his employment. (Employment Agreement ¶ 12, ECF No. 1-3.) Lothamer alleges that Kimmel has violated the injunction by retaining remote access to its Azure DevOps repository, which allows him to view and potentially alter the company's code. Lothamer also avers that Kimmel's status as an administrator prevents Lothamer from limiting Kimmel's

ability to access the repository. Lothamer asks the Court to hold Kimmel in contempt and order him to provide Lothamer the password to his Azure account and transfer two-factor authentication over to a device controlled by Lothamer.

In his response, Kimmel states that he does not have a password to Azure or two-factor authentication access, and did not intentionally retain access to the code repository. Rather, Kimmel explains that he was able to access the code repository because his personal Microsoft email account is linked to Azure, presumably from his time as a Lothamer employee. The account's permissions were never removed, so he can still access Azure through his Microsoft account, though Kimmel avers that he has not altered any code in the repository and has only accessed it briefly to demonstrate that Lothamer's security protocols are flawed. (Kimmel Decl., ECF No. 412-1.)

Although Kimmel's access to Lothamer's code through his personal email account was not strictly contemplated by the injunction, because Kimmel can access the code at any time, he is in constructive possession of it. *Cf. People v. Burgenmeyer*, 606 N.W.2d 645, 648 (Mich. 2000) ("A [person] may have constructive possession of a[n object] if its location is known to [him] and if it is reasonably accessible to him.").[1] The injunction and contract require "return" of any of Lothamer's confidential information within Kimmel's possession, though it is not obvious what return would mean in this context. Since Kimmel has essentially unfettered access to Lothamer's information, his obligation to return that information includes an obligation to affirmatively remove himself from Lothamer's systems. The Court recognizes, however, that such removal may be complicated due to Kimmel's administrator permissions and the link to his personal email

[1] The Court relies on Michigan law to interpret "possession" because the term's meaning is ultimately given by the employment contract, the interpretation of which is governed by Michigan law. (Employment Agreement ¶ 16.)

account. Therefore, the Court will direct the parties to file additional briefs clarifying the exact course of action that must be taken to effect compliance with the injunction. (The Court will not order Kimmel to remove his own access by any feasible means because it presumes that Lothamer does not want Kimmel to tinker with its systems unsupervised.)

In sum, Kimmel's access to the code repository violates the injunction, but the Court will not hold Kimmel in contempt because the injunction's language did not squarely address this subject. For the same reason, the Court denies Lothamer's request to recoup the attorneys' fees expended on its motion. However, the Court takes this opportunity to clarify that Kimmel is prohibited from using any means to access or alter any information of Lothamer's that he is otherwise barred from possessing. Going forward, Kimmel is on notice of the injunction's scope, and may be subject to sanctions or a default judgment if he fails to comply with it.

Kimmel has also moved for reconsideration of the Court's order granting Lothamer's request to file exhibits to its motion under seal. Kimmel argues that Exhibit C (ECF No. 408-2) does not contain confidential information or trade secrets that need to be shielded from public disclosure. However, the Court is unpersuaded, as notes about the specific tasks Kimmel performed could reveal information regarding Lothamer's systems. And because the specific notes contained in Exhibit C are not particularly relevant to resolution of this motion, the countervailing interest in public disclosure is relatively weak here.[2]

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for an order to show cause (ECF No. 407) is **GRANTED IN PART** and **DENIED IN PART**. The Court will not issue a show cause order or

---

[2] The Court declines to address whether Kimmel's possession of the information in Exhibit C violates the injunction or the employment agreement because Lothamer does not sufficiently address this issue in its brief or specifically request that the Court order Kimmel to destroy copies of this information.

hold Kimmel in contempt. However, the Court clarifies as set out above that the preliminary injunction bars Kimmel from electronically accessing, retaining, or altering any of Lothamer's information that he is prohibited from possessing, including Lothamer's code repository, and that the injunction affirmatively obligates Kimmel to eliminate any access to Lothamer's systems of which he is aware (as long as doing so does not itself violate the injunction).

**IT IS FURTHER ORDERED** that within **seven days** of the date of this Order, Plaintiffs are directed to file a brief setting out how Kimmel can remove his access to Lothamer's code repository in a reasonable manner that complies with the injunction. Kimmel may file a response brief within **seven days** thereafter.

**IT IS FURTHER ORDERED** that Kimmel's motion for reconsideration (ECF No. 414) is **DENIED.**

Dated: September 10, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE