UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTHAMER TAX RESOLUTION, INC., et al.,

Plaintiffs,

v.

PAUL KIMMEL, et al.,

Defendants.

Case No. 1:25-cv-579

Hon. Hala Y. Jarbou

**ORDER**

Before the Court is a motion filed by Plaintiffs (collectively "Lothamer") seeking reconsideration of the Court's decision regarding enforcement of the preliminary injunction in this case. (9/23/2026 Notice, ECF No. 442; Mot. for Recons., ECF No. 486.) The Court previously declined to order Kimmel to transfer access of his Microsoft Azure DevOps account to Lothamer because it appeared that Kimmel no longer had access to Azure DevOps and thus had no ability to transfer access. The Court also reasoned that Lothamer, as the account subscriber, should be able to contact Microsoft and remove Kimmel's administrative access to the code repository.

Lothamer now asks the Court to reconsider that determination. Lothamer represents that Microsoft has refused to remove Kimmel's administrative access, and that Kimmel can still access the code repository because his phone number is listed in the Azure DevOps account as the two-factor authentication number. Generally, a two-factor authentication number would be used to confirm that a login is valid after the user has entered a username and password. Here, it appears that Lothamer lacks the username and password for the DevOps account, and seeks to use Kimmel's phone number to regain access. Therefore, the Court interprets the reference to a two-

factor authentication number as instead designating a recovery number—that is, a phone number that can be used to reset the login information so that a person can access an account without the username and password. Lothamer therefore asks the Court to direct Kimmel to provide the recovery code he receives on his phone so that Lothamer may regain administrator access to the code repository.

Kimmel objects to this request, and argues that he should not be required to perform technical support to Lothamer for free. However, if Kimmel possesses the recovery number for Azure DevOps, he essentially has the present ability to access the code repository, as he could obtain a recovery code at any time. And the purpose of the Court's preliminary injunction was to prevent Kimmel from accessing any of Lothamer's confidential information, so it naturally follows that Kimmel should not have the ongoing ability to log in to Lothamer's code repository. Moreover, requiring Kimmel to simply send Lothamer a recovery code does not impose a significant burden on him. And the Court is persuaded that Lothamer's proposed solution is a reasonable way to eliminate Kimmel's access to the code repository.[1]

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for reconsideration (ECF No. 486) is **GRANTED**.

**IT IS FURTHER ORDERED** that within **seven days** of entry of this Order, Defendant Kimmel must confer with Plaintiffs to arrange a time during which Plaintiffs will send a recovery code to Kimmel's phone. Kimmel must then provide Plaintiffs the code upon request.

Dated: November 3, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

[1] The Court also denies Kimmel's request for an order requiring Lothamer to seek leave of the Court before filing any future motions to enforce the preliminary injunction.